1  MICHAEL WALKER, State Bar No. 150554
   County Counsel, County of Ventura
2  JACLYN SMITH, State Bar No. 274311
   Assistant County Counsel
3  CHRISTINE A. RENSHAW, State Bar No. 249648
   Assistant County Counsel
4  E-mail:  christine.renshaw@ventura.org
   800 South Victoria Avenue, L/C #1830
5  Ventura, California 93009
   Telephone:  (805) 654-2588
6  Facsimile:   (805) 654-2185

7
   Attorneys for Defendants County of Ventura
8  and, Robert Levin. M.D., in his official capacity
   as Health Officer for Ventura County
9

10

11                    UNITED STATES DISTRICT COURT

12                    CENTRAL DISTRICT OF CALIFORNIA

13

14

15  MRS. OLSON'S COFFEE HUT, a          )  No. 2:21 cv-00654-JAK-E
    proprietorship DBA WILLIAM          )
16  OLSON and MATT OLSON and            )
    MATT OLSON, THE ORIGINAL            )
17  PIZZA COOKERY AND JORDAN            )  DEFENDANTS' EX PARTE
    DANIEL KLEMPER,                     )  APPLICATION TO REMAND TO
18                                      )  STATE COURT PURSUANT TO
                  Plaintiffs,           )  28 U.S.C. § 1447( c) AND REQUEST
19                                      )  FOR COSTS AND FEES AGAINST
         vs.                            )  PLAINTIFFS
20                                      )
                                        )
21  COUNTY OF VENTURA and               )  Ctrm: 10B
    ROBERT LEVIN, M.D., in his          )  Judge: Hon. John A. Kronstadt
22  capacity as Health Officer for Ventura)
    County                              )
23                                      )
                  Defendants.           )
24                                      )
                                        )
25  _____      )

26

27  / / /

28  / / /

---

**DEFENDANTS' EX PARTE APPLICATION TO REMAND TO STATE COURT**

Defendants County of Ventura and Robert Levin, M.D., in his capacity as Health Officer for Ventura County, by and through their attorney, Christine A. Renshaw, apply ex parte to the Court pursuant to title 28 United States Code section 1447(c) and Local Rule 7-19.

This application is made on the grounds that this Court lacks subject matter jurisdiction over removal as set forth in the accompanying memorandum of points and authorities, the supporting declaration of Christine Renshaw, all pleadings and papers filed herein and any argument of counsel; and further evidence as the Court may consider at or before any hearing regarding this application.

In compliance with Local Rule 7-19 Counsel for Defendants provided notice of this ex parte application to Plaintiffs' counsel on January 28, 2021. Plaintiffs' counsel indicated Plaintiffs will be opposing this ex parte. (Declaration of Christine Renshaw ¶ 7.) Counsel for Opposing Parties, Mrs. Olson's Coffee Hut dba William Olson and Matt Olson, Matt Olson, The Original Pizza Cookery and Jordan Daniel Klempner:

Ronda Baldwin-Kennedy

Law Office of Ronda Baldwin-Kennedy

5627 Kanan Road, Suite 614

Agoura Hills, California 91301

Phone: 951-268-8977

E-mail: ronda@lorbk.com

MICHAEL WALKER
County Counsel, County of Ventura

Dated: February 1, 2021      By  /s/
CHRISTINE A. RENSHAW
Assistant County Counsel

Attorneys for defendants County of Ventura and Robert Levin, M.D., in his capacity as Health Officer of Ventura County

i

**DEFENDANTS' EX PARTE APPLICATION TO REMAND TO STATE COURT**

# I

# INTRODUCTION

Plaintiffs' Mrs. Olson's Coffee Hut dba William Olson and Matt Olson and Matt Olson (collectively "Mrs. Olson"), The Original Pizza Cookery ("Pizza Cookery") and Jordan Daniel Klempner ("Klempner") (collectively "Plaintiffs") notice of removal is a baseless attempt to derail and delay the adjudication of two separate state court proceedings in which defendants, County of Ventura ("County") and Robert Levin, M.D. ("Levin"), in his capacity as Health Officer for Ventura County (collectively "Defendants") seek to prevent Plaintiffs from continuing to violate California's public health policy.  The notice of removal is substantively and procedurally defective on its face and offers no good-faith basis for federal subject matter jurisdiction.

The two state cases at issue were brought by the County and Levin seeking a  temporary restraining order, preliminary injunction and permanent injunction for violation of State of California's (hereafter "State") health orders and public nuisance against each of Plaintiffs who continued indoor dining operations at their respective restaurants in violation of such State orders during the Covid-19 pandemic.  As such, each case, on its face, is based entirely on state law claims.

Plaintiffs motive for pursuing removal is obvious:  to prevent the County and Levin from enforcing the State's ban on indoor dining at  Plaintiffs' restaurants due to the COVID-19 pandemic.  The day before the state court was scheduled to hear the County and Levin's' ex parte applications for temporary restraining orders requiring Plaintiffs to cease indoor dining at their restaurants, Plaintiffs filed a federal complaint and notice of removal which sought to improperly consolidate the two state cases into a single federal action.  In light of the removal, the state court cancelled both January 26, 2021, ex parte hearings.  As a result, Plaintiffs are continuing indoor dining operations at their restaurants in

///

1

violation of State health orders resulting in immediate and irreparable harm to the health and safety of the residents of the County of Ventura.

## II

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Factual Background

COVID–19 is a novel severe acute respiratory illness that to date has killed a total of 29,701 people in California. ("Tracking COVID-19 in California" (Jan. 10, 2021) <https://covid19.ca.gov/state-dashboard/> [as of Jan. 12, 2021].) More than 2,670,962 people in California have been infected with the virus that causes COVID-19. (*Id.*) The virus is easily transmissible and spreads through respiratory droplets that remain in the air, and may be transmitted unwittingly by individuals who exhibit no symptoms. (See *South Bay United Pentecostal Church v. Newsom* (2020) 140 S.Ct. 1613, 1613 ("*South Bay*") (Roberts, C.J., concurring).) There is no cure and no widely effective treatment. (*Id.*) Measures that limit physical contact, such as closure of places where people gather and physical distancing, have been "the most effective way to stop COVID-19's spread." (*Best Supplement Guide, LLC v. Newsom* (May 22, 2020, No. 2:20-cv-00965-JAM-CKD) ___U.S.___ [2020 WL 2615022 at *6] ("*Best Supplement TRO*").)

On March 4, 2020, the Governor of the State of California declared a state of emergency in California due to the threat of COVID-19. (Exhibits to notice of removal by United States of America ("Doc. No. 7-1"), p. 60, ¶ 8.) The declaration of state of emergency remains in effect. (*Ibid.*) On March 12, 2020, the Governor issued Executive Order N-25-20 ordering all state residents to heed any orders and guidance of state and local public health officials with respect to COVID-19. (*Ibid.*)

On March 12, 2020, the County Health Officer declared that a local health emergency existed in Ventura County. (Doc. No. 7-1, p. 61, ¶ 9.) On March 19,

2020, the Governor issued Executive Order N-33-20 again ordering all residents to immediately heed the current state public health directives.  (Doc. 7-1, pp. 20-21.)

Over the course of the pandemic, the State has promulgated several further orders tailored to address current information and data regarding the disease's spread throughout California.  On August 28, 2020, the State implemented the currently operative "Blueprint for a Safer Economy" which sets forth a tiered system based upon how prevalent COVID-19 is in each county and the extent of community spread (hereinafter "Blueprint"). <https://www.gov.ca.gov/2020/08/28/governor-newsom-unveils-blueprint-for-a-safer-economy-a-statewide-stringent-and-slow-plan-for-living-with-covid-19/> [as of January 8, 2021].)  The Blueprint restricts when sectors and activities may operate indoors and limits how many people may participate based on transmission risk.  (*Id*.)  The tiered system consists of four categories:  purple (widespread), red (substantial), orange (moderate) and yellow (minimal).  (*Id*.)  Since November 16, 2020, the County has been classified in the purple tier.  (Doc. No. 7-1, p. 63, ¶ 16.)  While a county is classified in the purple tier, restaurants are not permitted to operate indoors.  (Doc. No. 7-1, p. 26.)

Due to violations of the of the State health orders, Levin, as the County Health Officer, issued Plaintiffs closure orders.  (Doc. No. 7-1, p. 8, ¶ 28, and p. 65, ¶ 27.)  Plaintiffs ignored the State health order and closure orders and continued indoor dining at its restaurants forcing the County to revoke their health permits.  Plaintiffs were not deterred and continued indoor dining at its restaurant.  (Doc. No. 7-1, p. 9, ¶¶ 29-34.)

**B.     Procedural History**

On January 8, 2021, the County and Levin filed a complaint against Pizza Cookery and Klempner entitled, *County of Ventura, et al. v. The Original Pizza Cookery, et al.*, Ventura County Superior Court Case No.:  56-2021-00549347-CU-MC-VTA (hereafter "Pizza Cookery Action").  The complaint alleges the

following causes of action: (1) violation of health orders; and (2) public nuisance. (Doc. No. 7-1, pp. 59-81.)

On January 13, 2021, the County and Levin filed an ex parte application in the Pizza Cookery Action seeking a temporary restraining order ("TRO") and preliminary injunction prohibiting Pizza Cookery and Klempner from operating the restaurant in violation of the State health orders. (Declaration of Christine Renshaw (hereafter "Renshaw Decl."), ¶ 2.) The hearing on the TRO was scheduled on January 14, 2021. (Renshaw Decl., ¶ 2.)

At the hearing, Pizza Cookery and Klempner asked for a continuance, which was granted. The court continued the hearing to January 26, 2021. (Renshaw Decl., ¶ 3.)

On January 19, 2021, the County and Levin filed a complaint against Mrs. Olson's Coffee Hut, William Thomas Brimigion, Jr. (erroneously named as William Olson in this Federal action) and Matt Brimigion (erroneously named as Matt Olson in this Federal action) entitled, *County of Ventura, et al. v. Mrs. Olson's Coffee Hut, et al.*, Ventura County Superior Court Case No.: 56-2021-00549555-CU-MC-VTA (hereafter "Coffee Hut Action"). The complaint alleges the following causes of action: (1) violation of health orders; and (2) public nuisance. (Doc. No. 7-1, p. 3-53)

On January 25, 2021, counsel for the County and Levin served counsel for Mrs. Olson, Ronda Baldwin-Kennedy with the ex parte application for a TRO and preliminary injunction in the Coffee Hut Action. (Renshaw Decl., ¶ 5.) The TRO hearing was scheduled for January 26, 2021. (Renshaw Decl., ¶ 5.)

After being served with the ex parte application, Plaintiffs initiated the instant federal action by filing a complaint. (Doc. No. 1.) Plaintiffs also filed an application for a temporary restraining order and issuance of order to show cause re preliminary injunction against Defendants. (Doc. No. 2.) Thereafter, Plaintiffs ///

4

filed a single notice of removal as to both the Pizza Cookery Action and Coffee Hut Action under the same case number as the federal action. (Doc. No. 7.)

On January 26, 2021, due to the filing of the notice of removal, the state court stayed both the Pizza Cookery Action and the Coffee Hut Action and declined to hear either ex parte application. (Renshaw Decl., ¶ 6.)

## III
## ARGUMENT

### A. Plaintiffs' Removal Is Procedurally Defective and Improperly Attempts to Consolidate Two State Actions

As an initial matter, Plaintiffs' removal of the Pizza Cookery Action and the Coffee Hut Action are procedurally defective and improper. In the instant case, Plaintiffs did not file a separate notice of removal for each state case. Instead, Plaintiffs filed a federal complaint against the County and Levin and a joint notice of removal of both state actions. Thus, the two state cases have been improperly consolidated into one federal action.

Plaintiffs' notice of removal is further defective in that Plaintiffs failed to attach all prior pleadings, specifically the County and Levin's ex parte applications, declarations and exhibits in support thereof, served upon them. Title 28 United States Code section 1446(a), clearly provides that a removing party "desiring to remove any civil action from a State court shall file in the district court . . . a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such [removing party] in such action." (28 U.S.C. § 1446 (a).) By failing to attach the prior pleadings, the notice of removal is procedurally defective.

///
///
///

**DEFENDANTS' EX PARTE APPLICATION TO REMAND TO STATE COURT**

**B.    The Pizza Cookery Action and the Coffee Hut Action Must Be Remanded to State Court Because There Is No Substantial Bases for Removal**

A defendant in a state action may remove a civil action from state court to federal court if original jurisdiction would have existed in the federal court at the time the complaint was filed.  (28 U.S.C. § 1441(a).)  To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand.  (*Harris v. Bankers Life and Cas. Co.* (9th Cir. 2005) 425 F.3d 689, 698, citing *Shamrock Oil & Gas Corp. v. Sheets* (1941) 313 U.S. 100, 108-109 [61 S.Ct. 868].)  There is a "strong presumption against removal jurisdiction."  (*Abrego Abrego v. The Dow Chemical Co.* (9th Cir. 2006) 443 F.3d 676, 685.)  The party seeking removal has the burden of establishing federal jurisdiction.  (*Holcomb v. Bingham Toyota* (9th Cir. 1989) 871 F.2d 109, 110.)  There must be "no doubt" that jurisdiction exits.  If doubt exists, remand is required.  (*Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F.2d 564, 566 ["Federal jurisdiction must be rejected if there is *any doubt* as to the right of removal"] emphasis added.)  "Where doubt regarding the right to removal exists, a case should be remanded to state court."  (*Matheson v. Progressive Specialty Ins. Co.* (9th Cir. 2003) 319 F.3d 1089, 1090.)  "Plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum."  (*Garbie v. DaimlerChrysler Corp*. (7th Cir. 2000) 211 F.3d 407, 410, citing *Catepillar Inc. v. Williams* (1987) 482 U.S. 386, 392 [107 S.Ct. 2425].)

As explained below, this Court does not have subject matter jurisdiction over the County and Levin's complaints which allege solely state law claims.  Therefore, removal was improper and both cases must be remanded.

**1. The Claims in County and Levin's State Complaints Do Not Arise Under Federal Law so There Is No Basis for Federal Question Jurisdiction**

Although the County and Levin's complaints' clearly plead claims based entirely on state law, Plaintiffs incorrectly contend that this Court has federal

question jurisdiction.  As the Ninth Circuit has recognized, "the existence of federal jurisdiction on removal must be determined from the face of the plaintiffs' complaint" in the original state action.  (*Salveson v. Western States Bankcard Ass'n* (9th Cir. 1984) 731 F.2d 1423, 1426-1427.)  Pursuant to the well pleaded complaint rule "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  (*Caterpillar Inc. v. Williams* (1987) 482 U.S. 386, 392 [107 S.Ct. 2425].)  The existence of a federal defense is not enough to justify removal to federal court.  (*Id*. at p. 393.)

Both the Pizza Cookery Action and Coffee Hut Action allege causes of action for violations of health orders and public nuisance, both of which arise under state law.  Neither of these causes of action give rise to a federal question.  While Plaintiffs may intend to raise constitutional defenses to the County and Levin's ability to enforce such orders, this does not justify removal to federal court.  Thus, federal question jurisdiction fails.

### 2. There Is No Basis for Federal Officer Removal

Faced with the lack of diversity and federal question jurisdiction in this case, Plaintiffs seek to remove the two state actions based upon federal officer removal under 28 U.S.C. § 1442(a) which states, in pertinent part:

> "(a) A civil action or criminal prosecution commenced in a state court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> "(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or

7

authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue."

The party seeking removal under 28 U.S.C § 1442(a)(1) must: (1) demonstrate that it acted under the direct control and supervision of a federal officer; (2) raise a colorable federal defense to the plaintiff's claims; and (3) demonstrate a causal nexus between plaintiff's claims and the acts performed under color of federal office. (*Jefferson County, Ala. v. Acker* (1999) 527 U.S. 423, 431 [119 S.Ct. 2069]; *Mesa v. California* (1989) 489 U.S. 121, 124-25, 131-35 [109 S.Ct. 959].)

Removal under section 1442(a)(1) will not be permitted if the defendants in the state action cannot establish direct and detailed control by a federal officer. (*Fung v. Abex Corp.* (N.D. Cal. 1992) 816 F.Supp. 569, 572.) Plaintiffs are not federal agencies or officers and have not met (and will not be able to meet) their burden to show that they acted under the direct control of a federal officer in continuing to offer indoor dining at their respective restaurants in violation of the State's Health Orders. Thus, Plaintiffs are not entitled to removal pursuant to section 1442(a)(1).

## C. This Ex Parte Application Warrants Expedited Treatment and an Immediate Remand

In order to be entitled to ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures [and] . . . that the moving party is without fault in creating the crisis that requires ex parte relief." (*Mission Power Engineering Co. v. Continental Cas. Co.* (C.D. Cal. 1995) 883 F.Supp. 488.) To find irreparable prejudice the Court must look to the merits of the accompanying motion. (*Id*.) Where "the threatened prejudice would not be severe, then it must be apparent that the underlying motion has a high likelihood

of success on the merits. If drastic harm is threatened, then it is sufficient to show that there are close issues that justify the court's review before the party suffers the harm." (*Id*. at p. 492.)

This Court has the inherent power to remand the state cases at anytime for lack of subject matter jurisdiction. "If at anytime before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." (28 U.S.C. § 1447(c).) In addition, the court may remand sua sponte, not just upon motion by a party. (*Briano v. Conseco Life Ins. Co.*, (C.D. Cal. 2000) 126 F.Supp.2d 1293, 1295.)

As explained above, this Court does not have subject matter jurisdiction over the County and Levin's state court actions. To require the County and Levin to litigate claims in a court where jurisdiction is not proper would unquestionably prejudice Defendants. Since the likelihood of Defendants' success on the merits is not merely high, but certain, even a small amount of prejudice will permit this Court to provide ex parte relief. Defendants have been, and continue to be, prejudiced by the removal of the two state actions based on the immediate and continuing threat to the health and safety of the public posed by Plaintiffs ongoing noncompliance with the State health orders; and the inability to enforce same. That showing alone is sufficient to justify ex parte relief.

### D. **Defendants Are Entitled to Attorneys' Fees and Costs Pursuant to 28 U.S.C. § 1447(c)**

Section 1447(c) provides, in pertinent part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

Attorneys' fees and costs may be awarded "where the removing party lacked an objectively reasonable basis for seeking removal." (*Martin v. Franklin Capital Corp.* (2005) 546 U.S. 132, 141 [126 S.Ct. 704].) "Congress has unambiguously left the award of fees to the discretion of the district court." (*Moore v.*

*Permanente Medical Group, Inc.* (9th Cir. 1992) 981 F.2d 443, 446.) The purpose of such an award is not to punish the removing party but rather to reimburse the remanding party for unnecessary litigation costs inflicted by the removing party. (*Moore v. Kaiser Foundation Hospitals, Inc.* (N.D. Cal. 1991) 765 F. Supp 1464, 1466.) As discussed above, Plaintiffs' removal lacked a good faith basis and was purely tactical in nature. Therefore, an award of attorneys' fees and costs to Defendants is warranted.

## IV

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court immediately remand the cases back to state court and award attorney's fees and costs to Defendants.

MICHAEL WALKER
County Counsel, County of Ventura

Dated: February 1, 2021     By         /s/
CHRISTINE A. RENSHAW
Assistant County Counsel

Attorneys for Defendants County of Ventura and Robert Levin, M.D., in his capacity as Health Officer for the County of Ventura

**DEFENDANTS' EX PARTE APPLICATION TO REMAND TO STATE COURT**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF VENTURA

I am a resident of or employed in the County of Ventura, State of California. I am over the age of 18 and not a party to the within action. I am employed by the County of Ventura (County) and my business address is County Counsel's Office, 800 South Victoria Avenue, L/C #1830, Ventura, California 93009.

On February 1, 2021, I served the within **DEFENDANTS' EX PARTE APPLICATION TO REMAND TO STATE COURT PURSUANT TO 28 U.S.C. § 1447(c) AND REQUEST FOR COSTS AND FEES AGAINST PLAINTIFFS** on:

*Attorneys for Plaintiff:*

Ronda Baldwin-Kennedy
Law Office of Ronda Baldwin-Kennedy
5627 Kanan Road, Suite 614
Agoura Hills, California 91301
E-mail: ronda@lorbk.com

*VIA E-MAIL*

[] **by standard County mail practice.** I enclosed a true copy of each of said documents in a sealed envelope addressed to the above-named person(s) as indicated above, and placed the envelope for collection and mailing following ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing with the United States Postal Service. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully paid.

[] **by deposit in the United States mail.** I enclosed a true copy of each of said documents in a sealed envelope addressed to the above-named person(s) as indicated above, and deposited the envelope in the United States Postal Service mailbox with postage thereon fully paid, at Ventura, California.

[] **by overnight delivery.** I enclosed a true copy of each of said documents in a sealed envelope or package provided by an overnight delivery carrier addressed to the above-named person(s) as indicated above, with delivery fees paid or provided for. I placed the envelope or package for collection and overnight delivery at an office or a regularly maintained drop box of the overnight delivery carrier.

[X] **by electronic service.** Based on a court order, a court rule or an agreement of the parties to accept electronic service, I electronically served said documents from to the above-named person(s) at the electronic address(es) as indicated above.

[X] (**FEDERAL**) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 1, 2021, at Ventura, California.

*Jenny Jirkovsky*
Jenny Jirkovsky