1  MICHAEL WALKER, State Bar No. 150554
   County Counsel, County of Ventura
2  JACLYN SMITH, State Bar No. 274311
   Assistant County Counsel
3  CHRISTINE A. RENSHAW, State Bar No. 249648
   Assistant County Counsel
4  E-mail: christine.renshaw@ventura.org
   800 South Victoria Avenue, L/C #1830
5  Ventura, California 93009
   Telephone:  (805) 654-2588
6  Facsimile:  (805) 654-2185

7
   Attorneys for Defendants County of Ventura
8  and, Robert Levin. M.D., in his official capacity
   as Health Officer for Ventura County
9

10

11                    UNITED STATES DISTRICT COURT

12                   CENTRAL DISTRICT OF CALIFORNIA

13

14  MRS. OLSON'S COFFEE HUT, a        )  No. 2:21 cv-00654-JAK-E
    proprietorship DBA WILLIAM        )
15  OLSON and MATT OLSON and          )
    MATT OLSON, THE ORIGINAL          )
16  PIZZA COOKERY AND JORDAN          )  [PROPOSED] ORDER GRANTING
    DANIEL KLEMPER,                   )  DEFENDANTS' EX PARTE
17              Plaintiffs,           )  APPLICATION TO REMAND AND
         vs.                          )  REQUEST FOR ATTORNEYS' FEES
18                                    )  AND COSTS
                                      )
19                                    )
    COUNTY OF VENTURA and             )  Ctrm: 10B
20  ROBERT LEVIN, M.D., in his        )  Judge: Hon. John A. Kronstadt
    capacity as Health Officer for Ventura)
21  County                            )
                                      )
22              Defendants.           )
                                      )
23  _____  )

24        Before the Court is defendants' ex parte application to remand which was

25  filed on February 1, 2021.  The Court deems the matter appropriate for decision

26  without oral argument.  (Fed. Rules Civ.Proc., rule 78.)

27        In order to be entitled to ex parte relief, "the evidence must show that the

28  moving party's cause will be irreparably prejudiced if the underlying motion is

                                       1

1   heard according to regular noticed motion procedures [and] . . . that the moving
2   party is without fault in creating the crisis that requires ex parte relief." (*Mission*
3   *Power Engineering Co. v. Continental Cas. Co.* (C.D. Cal. 1995) 883 F.Supp.
4   488.)  To find irreparable prejudice the Court must look to the merits of the
5   accompanying motion.  (*Id*.)  Where "the threatened prejudice would not be
6   severe, then it must be apparent that the underlying motion has a high likelihood
7   of success on the merits.  If drastic harm is threatened, then it is sufficient to show
8   that there are close issues that justify the court's review before the party suffers the
9   harm."  (*Id*. at p. 492.)

10        This Court has the inherent power to remand the state cases at anytime for
11   lack of subject matter jurisdiction.  "If at any time before final judgment it appears
12   that the district court lacks subject matter jurisdiction, the case shall be remanded."
13   (28 U.S.C. § 1447(c).)  In addition, the court may remand sua sponte, not just upon
14   motion by a party.  (*Briano v. Conseco Life Ins. Co.* (C.D. Cal. 2000)
15   126 F.Supp.2d 1293, 1295.)

16        As explained below, this Court does not have subject matter jurisdiction
17   over moving party defendants' state court actions.  Defendants have established
18   that any delay in remand will result in prejudice.  Defendants have shown that an
19   immediate and continuing threat to the health and safety of the public based on
20   Plaintiffs ongoing noncompliance with the State Health orders; and the inability to
21   enforce same, is sufficient to justify ex parte relief.

22        As an preliminary matter, the Court finds that the notice of removal
23   consolidating two state actions into one federal case is improper.   The Court
24   further finds that the notice of removal is deficient insofar as it does not comply
25   with the requirements of 28 United States Code section 1446(a).  Section 1446(a)
26   clearly provides that a removing party "desiring to remove any civil action from a
27   State court shall file in the district court . . . a notice of removal . . . containing a
28   short and plain statement of the grounds for removal, together with a copy of all

1 | process, pleadings, and orders served upon such [removing party] in such action."
2 | (28 U.S.C. § 1446 (a).)  Here, removing plaintiffs did not include copies of the
3 | defendants' ex parte applications for the Court's consideration.  As such, the
4 | notice of removal is procedurally defective.

5 |       Moreover, even if the notice of removal was not procedurally defective,
6 | removal still would not be proper because removing party plaintiffs have failed to
7 | meet their burden on establishing that federal jurisdiction exists here.  A defendant
8 | in a state action may remove a civil action from state court to federal court if
9 | original jurisdiction would have existed in the federal court at the time the
10 | complaint was filed.  (28 U.S.C. § 1441(a).)  To protect the jurisdiction of state
11 | courts, removal jurisdiction should be strictly construed in favor of remand.
12 | (*Harris v. Bankers Life and Cas. Co.* (9th Cir. 2005) 425 F.3d 689, 698, citing
13 | *Shamrock Oil & Gas Corp. v. Sheets* (1941) 313 U.S. 100, 108-109 [61 S.Ct.
14 | 868].)  There is a "strong presumption against removal jurisdiction."  (*Abrego*
15 | *Abrego v. The Dow Chemical Co.* (9th Cir. 2006) 443 F.3d 676, 685.)  The party
16 | seeking removal has the burden of establishing federal jurisdiction.  (*Holcomb v.*
17 | *Bingham Toyota* (9th Cir. 1989) 871 F.2d 109, 110.)  There must be "no doubt"
18 | that jurisdiction exits.  If doubt exists, remand is required.  (*Gaus v. Miles, Inc.*
19 | (9th Cir. 1992) 980 F.2d 564, 566 ["Federal jurisdiction must be rejected if there is
20 | *any doubt* as to the right of removal"] emphasis added.)  "Where doubt regarding
21 | the right to removal exists, a case should be remanded to state court."  (*Matheson*
22 | *v. Progressive Specialty Ins. Co.* (9th Cir. 2003) 319 F.3d 1089, 1090.)  "Plaintiffs
23 | as masters of the complaint may include (or omit) claims or parties in order to
24 | determine the forum."  (*Garbie v. DaimlerChrysler Corp*. (7th Cir. 2000) 211 F.3d
25 | 407, 410, citing *Catepillar Inc. v. Williams* (1987) 482 U.S. 386, 392 [107 S.Ct.
26 | 2425].)
27 | / / /
28 | / / /

**[PROPOSED] ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS**

1  As explained below, this Court does not have subject matter jurisdiction
2  over the defendants' state court actions.  The court has neither federal question
3  jurisdiction nor federal officer jurisdiction over either of the state court actions.

4  As the Ninth Circuit has recognized, "the existence of federal jurisdiction
5  on removal must be determined from the face of the plaintiffs' complaint" in the
6  original state action.  (*Salveson v. Western States Bankcard Ass'n* (9th Cir. 1984)
7  731 F.2d 1423, 1426-1427.)  Pursuant to the well pleaded complaint rule "federal
8  jurisdiction exists only when a federal question is presented on the face of the
9  plaintiff's properly pleaded complaint."  (*Caterpillar Inc. v. Williams* (1987)
10  482 U.S. 386, 392 [107 S.Ct. 2425].)

11  The cases at bar involve the defendants' authority to require local
12  businesses to comply with State health orders.  Both state actions, in which
13  defendants are the named plaintiffs, allege causes of action for violations of health
14  orders and public nuisance.  Neither of these causes of action invoke federal
15  question jurisdiction.  The existence of a federal defense is not enough to justify
16  removal to federal court.  (*Caterpillar Inc. v. Williams* (1987) 482 U.S. 386, 393
17  [107 S.Ct. 2425].)  Thus, federal question jurisdiction fails.

18  With respect to federal officer jurisdiction, 28 U.S.C. § 1442(a) provides in
19  pertinent part:

20  "(a) A civil action or criminal prosecution commenced in
21  a state court and that is against or directed to any of the
22  following may be removed by them to the district court
23  of the United States for the district and division
24  embracing the place wherein it is pending:
25  "(1) The United States or any agency thereof or any
26  officer (or any person acting under that officer) of the
27  United States or of any agency thereof, in an official or
28  individual capacity, for or relating to any act under color

4

of such office or on account of any right, title or
authority claimed under any Act of Congress for the
apprehension or punishment of criminals or the
collection of the revenue."

The party seeking removal under 28 U.S.C § 1442(a)(1) must:  (1)
demonstrate that it acted under the direct control and supervision of a federal
officer; (2) raise a colorable federal defense to the plaintiff's claims; and (3)
demonstrate a causal nexus between plaintiff's claims and the acts performed
under color of federal office.  (*Jefferson County, Ala. v. Acker* (1999) 527 U.S.
423, 431 [119 S.Ct. 2069]; *Mesa v. California* (1989) 489 U.S. 121, 124-25,
131-35 [109 S.Ct. 959].)

Removal under section 1442(a)(1) will not be permitted if the defendants in
the state action cannot establish direct and detailed control by a federal officer.
(*Fung v. Abex Corp.* (N.D. Cal. 1992) 816 F.Supp. 569, 572.)  Plaintiffs have not
meet their burden to show that they acted under the direct control of a federal
officer in continuing indoor dining at their restaurants.  Therefore, Plaintiffs
cannot avail themself to section 1442(a)(1) removal.

Attorneys' fees and costs may be awarded "where the removing party lacked
an objectively reasonable basis for seeking removal."  (*Martin v. Franklin Capital
Corp.* (2005) 546 U.S. 132, 141 [126 S.Ct. 704].)  "Congress has unambiguously
left the award of fees to the discretion of the district court."  (*Moore v.
Permanente Medical Group, Inc.* (9th Cir. 1992) 981 F.2d 443, 446.)  The purpose
of such an award is not to punish the removing party but rather to reimburse the
remanding party for unnecessary litigation costs inflicted by the removing party.
(*Moore v. Kaiser Foundation Hospitals, Inc.* (N.D. Cal. 1991) 765 F. Supp 1464,
1466.) Here, removing party Plaintiffs did not have a good faith basis for the
consolidated removal of the two state actions and lacked an objectively reasonable
basis for seeking such removal.  As such, an award of attorneys' fees and costs to

5

defendants is warranted. Defendants request for attorney's fees in the amount of $4,719.00 is reasonable.

**IT IS HEREBY ORDERED** that Defendants' Ex Parte Application to Remand is GRANTED.

**IT IS FURTHER ORDERED** that Defendants' request for attorneys' fees and costs in the amount of $4,719.00 is GRANTED.

Dated:_____

_____

JOHN A. KRONSTADT

UNITED STATES DISTRICT JUDGE

**[PROPOSED] ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS**

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF VENTURA**

3

       I am a resident of or employed in the County of Ventura, State of California.  I am over the age of 18 and not a party to the within action.  I am employed by the County of Ventura (County) and my business address is County Counsel's Office, 800 South Victoria Avenue, L/C #1830, Ventura, California 93009.

4

5

       On February 1, 2021, I served the within **[PROPOSED] ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS** on:

6

7

      *Attorneys for Plaintiff:*

8

9

      Ronda Baldwin-Kennedy
      Law Office of Ronda Baldwin-Kennedy
      5627 Kanan Road, Suite 614
      Agoura Hills, California 91301
      E-mail:  ronda@lorbk.com

10

11

      *VIA E-MAIL*

12

13

[]   **by standard County mail practice.**  I enclosed a true copy of each of said documents in a sealed envelope addressed to the above-named person(s) as indicated above, and placed the envelope for collection and mailing following ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing with the United States Postal Service.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully paid.

14

15

16

17

[]   **by deposit in the United States mail.**  I enclosed a true copy of each of said documents in a sealed envelope addressed to the above-named person(s) as indicated above, and deposited the envelope in the United States Postal Service mailbox with postage thereon fully paid, at Ventura, California.

18

19

20

[]   **by overnight delivery.**  I enclosed a true copy of each of said documents in a sealed envelope or package provided by an overnight delivery carrier addressed to the above-named person(s) as indicated above, with delivery fees paid or provided for.  I placed the envelope or package for collection and overnight delivery at an office or a regularly maintained drop box of the overnight delivery carrier.

21

22

23

[X]  **by electronic service.**  Based on a court order, a court rule or an agreement of the parties to accept electronic service, I electronically served said documents from to the above-named person(s) at the electronic address(es) as indicated above.

24

25

[X]  (**FEDERAL**) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 1, 2021, at Ventura, California.

26

27

*Jenny Jirkovsky*

Jenny Jirkovsky

28