UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-00654 JAK (Ex) | Date | February 9, 2021 |
| Title | Mrs. Olson Coffee Hut v. County of Ventura et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND ISSUANCE OF ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION (DKT. 2); AND**

**EX PARTE APPLICATION TO REMAND TO STATE COURT PURSUANT TO 28 U.S.C. § 1447(c) AND REQUEST FOR COSTS AND FEES AGAINST PLAINTIFFS (DKT. 17)**

**I.     Introduction**

On January 25, 2021, "Mrs. Olson's Coffee Hut, a proprietorship DBA William Olson and Matt Olson …" (the "Coffee Hut") and "The Original Pizza Cookery and Jordan Daniel Klemper" (the "Pizza Cookery") (collectively, "Plaintiffs") brought this action against the County of Ventura ("Ventura") and Robert Levin, M.D., in his capacity as Ventura Health Officer ("Levin") (collectively, the "Ventura Parties"). Dkt. 1. The claims asserted arise from the actions by the Ventura Parties to enforce COVID-19 public health orders at restaurants operated by Plaintiffs. The Complaint asserts three causes of action pursuant to 42 U.S.C. § 1983: (i) inverse condemnation in violation of the Fifth Amendment and Fourteenth Amendment; (ii) denial of substantive due process under the Fourteenth Amendment; and (iii) denial of procedural due process under the Fourteenth Amendment. Dkt. 1 ¶¶ 29-77.

The same day that Plaintiffs filed the Complaint, they also removed two cases that were pending in the Ventura Superior Court: (i) *County of Ventura, et al. v. The Original Pizza Cookery, et al.*, No. 56-2021-00549347-CU-MC-CTA (Ventura Superior Court, January 8, 2021) (the "*Pizza Cookery Action*"); and (ii) *County of Ventura, et al. v. Mrs. Olson's Coffee Hut, et al.*, No. 56-2021-0054955-CU-MC-VTA (Ventura Superior Court, January 19, 2021) (the "*Coffee Hut Action*"). Dkt. 7. Although the removal is captioned "Notice of Removal by United States of America," (Dkt. 7 (the "Notice of Removal")), the United States is not a party in the actions or to the Notice of Removal.

On January 25, 2021, Plaintiffs also filed an "Application for Temporary Restraining Order, and Issuance of Order to Show Cause Re: Preliminary Injunction." Dkt. 2 ("the TRO Application"). On February 3, 2021, the Ventura Parties filed an opposition to the TRO Application. Dkt. 21 (the "TRO Opposition").

On February 1, 2021, the Ventura Parties filed an "Ex Parte Application to Remand to State Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-00654 JAK (Ex) | Date | February 9, 2021 |
| Title | Mrs. Olson Coffee Hut v. County of Ventura et al. | | |

Pursuant to 28 U.S.C. § 1447(c) and Request for Costs and Fees Against Plaintiffs." Dkt. 17 (the "Remand Application"). Plaintiffs were ordered to file an opposition to the Application on or before February 3, 2021. Dkt. 20. No opposition has been filed.

For the reasons stated in this Order, the TRO Application is **DENIED** and The Remand Application is **GRANTED-IN-PART**.

## II.     Request for Judicial Notice

The Ventura Parties filed a Request for Judicial Notice in support of the TRO Opposition (the "RJN" (Dkt. 22)) in which they seek judicial notice of the following:

- Exhibit 1: Declaration of Levin in Support of the Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Issuance of Preliminary Injunction filed in the *Pizza Cookery Action*.
- Exhibit 2: Executive Order N-33-20 issued by Governor Gavin Newson dated March 19, 2020.
- Exhibit 3: Order of the State Public Health Officer dated March 19, 2020.
- Exhibit 4: Statewide Public Health Officer Order dated July 13, 2020.
- Exhibit 5: A print out from https://covid19.ca.gov/roadmap-counties/, a website maintained by the State of California, as it appeared on August 1, 2020.
- Exhibit 6: Regional Stay at Home Order dated December 3, 2020.
- Exhibit 7: "Regional Stay at Home Order – Questions and answers: Can I still get takeout or food delivery under a Regional Stay at Home Order?," as of January 12, 2020, available online at https://covid19.ca.gov/stay-home-except-for-essential-needs/#regional-stay-home-order.
- Exhibit 8: Declaration of Stephanie Paramo in Support of the Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Issuance of Preliminary Injunction filed in the *Pizza Cookery Action*.
- Exhibit 9: Declaration of Levin in Support of the Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Issuance of Preliminary Injunction filed in the *Coffee Hut Action*.
- Exhibit 10: Declaration of Andrew Dickson in Support of the Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Issuance of Preliminary Injunction filed in the *Coffee Hut Action*.
- Exhibit 11: January 29, 2021 Order re Plaintiffs' Application for Temporary Order and Issuance of Order to Show Cause Re: Preliminary Injunction, filed on January 29, 2021 in *Westlake Fitness, LLC et al v. County of Ventura and Robert Levin, M.D.*, No. 2:21-cv-00770-CBM (Ex) (C.D. Cal. Jan. 28, 2021).
- Exhibit 12: https://covid19.ca.gov/stay-home-except-for-essential-needs/, a website maintained by the State of California.
- Exhibit 13: https://covid19.ca.gov/safer-economy/, a website maintained by the State of California.

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-00654 JAK (Ex) | | Date | February 9, 2021 |
|---|---|---|---|---|
| Title | Mrs. Olson Coffee Hut v. County of Ventura et al. | | | |

Under this standard, judicial notice is appropriate as to public records, government documents, judicial opinions, documents on file in federal or state courts, municipal ordinances, newspaper and magazine articles, and the contents of websites. *See, e.g.*, *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 259 n.2 (9th Cir. 2013); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012); *Tollis, Inc. v. City of San Diego*, 505 F.3d 935, 938 n.1 (9th Cir. 2007); *United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994); *Heidelberg, Inc. v. PM Lithographers, Inc.*, No. 2:17-CV-02223-AB-AJWx, 2017 WL 7201872, at *2-3 (C.D. Cal. 2017); *U.S. ex rel. Modglin v. DJO Glob., Inc.*, 114 F. Supp. 3d 993, 1008 (C.D. Cal. 2015).

Exhibits 1, 8, 9, and 10 are declarations filed in other actions. As noted, judicial notice may be taken of documents on file in state courts. *Harris*, 682 F. 3d at 1132. However, notice of such documents is "not for the truth of the matters asserted in other litigation, but rather to establish the fact of such litigation and related filings." *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir.1992) (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir.1991)). This rule has been applied to declarations filed in other actions. *See Baker v. California Dep't of Corr.*, 484 F. App'x 130, 132 (9th Cir. 2012) (denying request for judicial notice of fact stated in a declaration filed in another action because it "is not an uncontroverted fact for which judicial notice would apply."); *Steward v. West*, No. CV1302449BROJCX, 2014 WL 12591933, at *5 (C.D. Cal. Aug. 14, 2014) ("[T]he Court may not take judicial notice of the contents of these declarations without an independent basis for doing so—and Plaintiffs have not provided the Court with any."); *Robinson v. Chaplin*, No. CV 07-2505-CJC (PJW), 2010 WL 1433883, at *1 (C.D. Cal. Feb. 16, 2010), *report and recommendation adopted*, No. CV 07-2505-CJC (PJW), 2010 WL 1433881 (C.D. Cal. Apr. 8, 2010) ("The Court can only take judicial notice that the declarations were in fact filed in that action. The facts described in those declarations are not 'generally known,' and the declarants are not sources 'whose accuracy cannot reasonably be questioned,' as is required for the Court to take judicial notice under Federal Rule of Evidence 201(b)."); *Bass v. Cty. of Butte*, No. CIV-S-02-2443 DFL/CG, 2004 WL 1925468, at *2 (E.D. Cal. Aug. 6, 2004) ("[T]he court may only take judicial notice of the existence of the document as a public record—there must be an independent basis for taking notice of the facts referenced in the declaration."). Nonetheless, given that the declarations were filed in an action that has been removed to this Court, the Court will consider the declarations as if they were originally filed with this Court.

Exhibits 2, 3, 4, and 6 are Orders that are matters of public record. Therefore, these are properly subject to judicial notice. *W. Coast Hotel Mgmt., LLC v. Berkshire Hathaway Guard Ins. Companies*, No. 220CV05663VAPDFMX, 2020 WL 6440037, at *3 (C.D. Cal. Oct. 27, 2020).

Exhibits 5, 7, 12, and 13 are citations to government websites or printouts from such websites. These are properly subject to judicial notice. *See U.S., ex rel. Modglin*, 114 F. Supp. 3d at 1008 ("Under Rule 201, the court can take judicial notice of 'public records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies."); *Daniels–Hall v. National Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010) (taking judicial notice of information on the websites of two school districts because they were government entities); *Paralyzed Veterans of Am. v. McPherson*, No. C 06-4670, 2008 WL 4183981, *5 (N.D. Cal. Sept. 8, 2008) ("Information on government agency websites has often been treated as properly subject to judicial notice").

Exhibit 11 is an Order issued in another action pending in this District. Because it a document on file in a federal court, it is properly subject to judicial notice. *Harris*, 682 F. 3d at 1132. However, Courts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-00654 JAK (Ex) | Date | February 9, 2021 |
|---|---|---|---|
| Title | Mrs. Olson Coffee Hut v. County of Ventura et al. | | |

"generally cannot take notice of findings of fact from other proceedings for the truth asserted therein because these findings are disputable and usually are disputed." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 n.6 (7th Cir. 1997); *see also Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1113 (C.D. Cal. 2003) (collecting cases); *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70-71 (2d Cir. 1998). Therefore, judicial notice is taken of Exhibit 11 to establish the existence of the Order and related litigation, but not for findings of fact made in the Order.

For these reasons, the RJN is **GRANTED** subject to the limitations stated above.

**III.    Factual Background**

  A.    California Public Health Orders

On March 4, 2020, Governor Gavin Newsom ("Newsom") "proclaimed a State of Emergency to exist in California as a result of the threat of COVID-19." Dkt. 22-1 at 10. On March 19, 2020, Newsom issued Executive Order N-33-20 (the "Executive Order") stating that its purpose was to preserve public health and safety in light of the COVID-19 pandemic. *Id.* at 10. The Executive Order directed that all residents of California "immediately heed" the March 19, 2020 Order of the State Public Health Officer. *Id.* The March 19, 2020 directed all individuals to stay home except as needed to maintain continuity of certain operations. *Id.* at 13. Over the course of the pandemic, California officials have issued further orders with the stated purpose of preserving public health and safety. *See, e.g.,* Dkt. 22-1 at 15-19. California has also released a "blueprint for reducing COVID-19 in the state with revised criteria for loosening and tightening restrictions on activities." COVID19.CA.GOV, Blueprint for a Safer Economy, Feb. 3, 2021, https://covid19.ca.gov/safer-economy/.

  B.    Ventura Superior Court Actions

On January 8, 2021, the Ventura Parties brought the *Pizza Cookery Action* against the Original Pizza Cookery and its alleged owner, Jordan Daniel Klempner (collectively, the "*Pizza Cookery Action* Defendants"). Dkt. 7-1 at 63. The Complaint in the *Pizza Cookery Action* alleges that the *Pizza Cookery Action* Defendants have been ordered to cease food operations at the restaurant through the following: (i) a "Closure Order" issued by Levin on or around November 20, 2020, and (ii) a "Notice of Temporary Suspension of Permit and Order of Immediate Closure" issued by the Ventura County Environmental Health Division on or around the same day. *Id.* at 68-69. The Complaint also alleges that, notwithstanding these orders, the *Pizza Cookery Action* Defendants continue to operate the restaurant and allow on-site dining. *Id.* at 69. The *Pizza Cookery Action* Complaint requests a temporary restraining order, preliminary injunction, and permanent injunction, to bar the *Pizza Cookery Action* Defendants from violating the Closure Order and certain state public health orders. *Id.* at 70.

On January 19, 2021, the Ventura Parties brought the *Coffee Hut Action* against Mrs. Olson's Coffee Hut, a proprietorship; William Thomas Brimigion, Jr., individually and d/b/a Mrs. Olson's Coffee Hut; and Matt Brimigion (collectively, the "*Coffee Hut Action* Defendants"). Dkt. 7-1 at 3. The allegations in the Complaint in the *Coffee Hut Action* are similar to those in the *Pizza Cookery Action*. The Ventura Parties allege that the *Coffee Hut Action* Defendants have been ordered to cease operations at the restaurant through the following: (i) a "Closure Order" issued by Levin on or around December 22,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-00654 JAK (Ex) | | Date | February 9, 2021 |
|---|---|---|---|---|
| Title | Mrs. Olson Coffee Hut v. County of Ventura et al. | | | |

2020, and (ii) a "Notice of Temporary Suspension of Permit and Order of Immediate Closure" issued by the Ventura County Environmental Health Division on or around January 11, 2021. *Id.* at 8-9. The Ventura Parties allege that, notwithstanding these orders, the *Coffee Hut Action* Defendants continue to operate their restaurant and have allowed on-site dining. *Id.* at 9. The *Coffee Hut Action* Complaint seeks as relief a temporary restraining order, preliminary injunction, and permanent injunction, to bar the *Coffee Hut Action* Defendants from violating the Closure Order and certain state public health orders. *Id.* at 10.

    C.    The Federal Action

The Complaint in this action is not a model of clarity. It appears to be based on a form complaint. For example, the Complaint alleges as follows:

> The [Executive Order] "impinged upon [John Q. Business Owner's] use and enjoyment of [his] property [in Anytown CA]" and separately impinges upon the use of his Tangible Property. . . .

> the Governor has arbitrarily, irrationally and capriciously "impinge[d] upon [Plaintiff's] use and enjoyment of his property [in Anytown CA]" by, inter alia . . .

Dkt. 1 ¶ 60, 62 (substitutions in original).

Furthermore, the Complaint in this action is substantively the same as the Complaints filed in two other actions currently pending in this District: *Oxnard Bootcamp LLC et al v. County of Ventura et al.*, No. 2:21-cv-00339-JFW (MRWx) (C.D. Cal. January 13, 2021) (the "*Oxnard Action*"); and *Westlake Fitness LLC et al v. County of Ventura et al.*, No. 2:21-cv-00770-CBM (Ex) (C.D. Cal. January 28, 2021) (the "*Westlake Action*"). The *Oxnard Action* and *Westlake Action* were brought by Ventura-based businesses, who are represented by the same counsel who represents Plaintiffs in this action, and name the same Defendants who are parties in this action.

The Complaint alleges that, in 2019, Plaintiffs' businesses generated "a large amount of income per month in revenue." Dkt. 1 ¶ 19. The Complaint alleges that "[t]he [Executive Order] was an order that Plaintiffs was [sic] immediately disallowed from operating his business." It is unclear who is referred to by the pronoun "his," or which of the two businesses were allegedly affected.

The Complaint alleges that, "On May 26th and July 28th 2020, under threat of fines and imprisonment, Plaintiff was forced to cease operating the Business. Plaintiff was forced to contact his employees and inform each of them not to come to work, because they had all been laid off indefinitely." *Id.* ¶ 21. Again, it is unclear whether the "Business" is the Pizza Cookery or the Coffee Hut, which individual was forced to contact employees, or which specific orders were issued on May 26, 2020 and July 28, 2020 that required the "Business" to cease operating. The same allegations were made in the *Oxnard Action* and *Westlake Action*, and the Ventura Superior Court actions allege that orders regarding the Plaintiffs' restaurants were made in late 2020 and January 2021. Consequently, it remains unclear as to whether Plaintiffs were ordered to close their restaurants on May 26, 2020 and July 28, 2020 or if these dates were copied from an earlier complaint, and pasted into the Complaint in this action.

The Complaint alleges that, by "prohibiting access to Tangible Property at a Physical Location, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-00654 JAK (Ex) | Date | February 9, 2021 |
|---|---|---|---|
| Title | Mrs. Olson Coffee Hut v. County of Ventura et al. | | |

[Executive Order] has made it 'commercially impracticable' to use the business property belonging to Plaintiffs for any economically beneficial purpose." *Id.* ¶ 4. The term "Physical Location" is not defined. The Complaint further alleges "Plaintiffs has [sic] incurred more than a quarter of a million dollars in lost profits." *Id.* ¶ 22. It is alleged that "[t]he [Executive Order] prevents Plaintiffs from using his [sic] Physical Location and his [sic] Tangible Property sit idle in the Physical Location he [sic] is prohibited from accessing." *Id.* ¶ 24. The meaning of the pronoun "he" is unclear. The Complaint alleges "Plaintiffs have inquired of a listing agent what the Businesses could be sold for at present. Plaintiffs are informed that, because of the economic uncertainty brought about by the Shutdown Order, the Business [sic] as such cannot be sold at all, or could only be sold at a tremendous discount, as compared to its former value." *Id.* ¶ 25.

Plaintiffs do "not challenge the rationale for the [Executive Order], nor the Governor's authority to issue it." *Id.* ¶ 2. However, Plaintiffs allege that "the Government has placed the cost of these Orders squarely upon the shoulders of private individuals, including Plaintiffs, and has failed to justly compensate Plaintiffs for this taking, as a constitutionally permissible order would require." *Id.* ¶ 3.

As noted, the Complaint asserts three causes of action under 42 U.S.C. § 1983: (i) inverse condemnation in violation of the Fifth Amendment and Fourteenth Amendment; (ii) denial of substantive due process under the Fourteenth Amendment; and (iii) denial of procedural due process under the Fourteenth Amendment. Dkt. 1 ¶¶ 29-77.

The Complaint refers to "Defendant Governor Gavin Newsom" and frequently appears to address his actions rather than those of the Ventura Parties. *See, e.g.*, Dkt. 1 ¶ 12 ("Defendant Governor Gavin Newsom issued Executive Order N-33-20."); ¶ 60 ("Defendant's actions, including issuance and enforcement of the [Executive Order], constitute the official policy, custom, and practices of the State of California."); ¶62 ("the Governor has arbitrarily, irrationally and capriciously 'impinge[d] upon [Plaintiff's] use and enjoyment of his property [in Anytown CA]' by, inter alia . . ."). However, Newsom is not named as a party in the portion of the Complaint identifying the Defendants, (*id.* ¶¶ 9-10), or in the caption of the Complaint, (*id.* at 1). When Plaintiffs were ordered to serve the Complaint and TRO Application on Defendants, (Dkt. 12), they filed a certificate of service stating that service was effected on "the defendants' attorney Jaclyn Smith to the email address: Jaclyn.smith@ventura.org," (Dkt. 13). There is no evidence that Newsom or any of his agents were served.

Although many of the allegations in the Complaint are directed at Newsom and the Executive Order, others are directed at the Ventura Parties. For example, the Complaint alleges that "Ventura County and its officers thus acted under color of state law in enforcing the [Executive Order] only to public places, which was issued to serve a well-recognized public purpose by a duly elected state official." Dkt. 1 ¶ 32.

The Complaint seeks the following relief: (i) a declaratory judgment that the issuance and enforcement of the Executive Order was an unconstitutional regulatory taking without just compensation under the Fifth Amendment; (ii) just compensation for the business value lost as a result of the Executive Order; (iii) punitive damages; and (iv) attorney's fees and costs. Dkt. 1 at 19-20. The Complaint also seeks a

> Permanent Injunction prohibiting Defendant and future Governors from issuing any
> Emergency Order that deprives an otherwise law-abiding business owner of the right to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-00654 JAK (Ex) | Date | February 9, 2021 |
|---|---|---|---|
| Title | Mrs. Olson Coffee Hut v. County of Ventura et al. | | |

> operate the business in an economically productive manner by utilizing any Tangible Property at any Physical Location legally controlled by the business owner, unless at least one of the two following conditions are met: (1) the Emergency Order contains a directive to justly compensate the business owner for fair market value lost as a direct and proximate result of said Emergency Order; or (2) the Emergency Order is necessary to free up essential equipment and manpower for critical uses, and only after an appellate review of any classification determining which businesses, which equipment, and which manpower are and are not deemed critical.

*Id.* at 19. The TRO Application contains an identical request for an injunction, but its first sentence omits several words used in the Complaint:

> Permanent Injunction prohibiting Defendant and future Emergency Order that deprives an otherwise law-abiding business owner of the right . . .

Dkt. 2 at 10-11.

Matt Olson and Jordan Daniel Klemper each signed a verification as to the facts alleged in the Complaint and stated in the TRO Application. Dkt. 5, 6.

      D.      Notice of Removal

On January 25, 2021, Plaintiff filed the Notice of Removal. Dkt. 7. Plaintiff removed the *Pizza Cookery Action* and *Coffee Hut Action* seeking to have them become part of this action. The Notice of Removal states that the removal is "pursuant to 28 U.S.C. § 1442(a)(1)." Dkt. 7 at 2. The Notice of Removal also states, "The grounds for removal are as follows: this case involves a question of federal constitutional law, such that original jurisdiction lies in this Court under U.S. Constitution Amend. V, XIV, 42 U.S.C. § 1983, § 1988 and 28 U.S.C. § 1331(a)." Dkt. 7 at 2.

      E.      Statements in the Remand Application

The Remand Application asserts that the Notice of Removal "is a baseless attempt to derail and delay the adjudication of two separate state court proceedings in which [the Ventura Parties] seek to prevent Plaintiffs from continuing to violate California's public health policy." Dkt. 17 at 3. The Remand Application makes the following arguments: (i) removal is procedurally defective and improperly attempts to consolidate two Superior Court Actions, (ii) the removal is substantively unjustified, (iii) the Remand Application warrants ex parte relief, and (iv) the Ventura Parties are entitled to recover their attorney's fees and costs associated with the remand. *Id.* at 7-12.

Counsel for the Ventura Parties filed a declaration in support of the Remand Application. Dkt. 18. That counsel declares that hearings on ex parte applications for a temporary restraining order were set for January 26, 2021 in both the *Coffee Hut Action* and *Pizza Cookery Action*. *Id.* ¶¶ 3, 5. Counsel also declares that, due to the filing of the Notice of Removal, the Ventura Superior Court stayed both the *Pizza Cookery Action* and the *Coffee Hut Action*, and consequently did not proceed on the ex parte applications by the Ventura Parties for temporary restraining orders. *Id.* at ¶ 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-00654 JAK (Ex) | | Date | February 9, 2021 |
|---|---|---|---|---|
| Title | Mrs. Olson Coffee Hut v. County of Ventura et al. | | | |

Counsel for the Ventura Parties declares that her hourly rate is $242. *Id.* ¶ 8. She also declares that she "spent a total of 19.5 hours reviewing [P]laintiffs Notice of Removal, researching case law, preparing the ex parte application to remand, [her accompanying declaration], and proposed order." *Id.* Accordingly, counsel declares that the Ventura Parties incurred $4719 in fees as a result of the Notice of Removal. *Id.*

**IV.    TRO Application**

   A.    Legal Standards

In general, a temporary restraining order is a form of immediate relief whose purpose is to preserve the status quo pending a hearing on a request for a preliminary injunction. 11A Mary Kay Kane, Federal Practice and Procedure § 2951 (3d ed. Apr. 2020). The legal standards for a temporary restraining order and a preliminary injunction are "substantially identical." *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008)). Instead, in determining whether to grant such relief, a court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)). To warrant the issuance of a temporary restraining order, the moving party must establish: (i) it is likely to succeed on the merits of its underlying claims; (ii) it is likely to suffer irreparable harm unless the requested relief is granted, *i.e.*, for the time period between granting the relief and the hearing on the preliminary injunction; (iii) the balance of the equities between the parties tips in its favor; and (iv) and an injunction is in the public interest. *See Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20).

The Ninth Circuit applies a "sliding scale" approach to the review of a request for a temporary restraining order or one for a preliminary injunction. Thus, "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Pimental v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)). Where the moving party establishes "serious questions going to the merits," and demonstrates "a balance of the hardships that tips sharply towards [it]," a preliminary injunction is warranted "so long as the [moving party] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Cottrell*, 632 F.3d at 1135.

Likelihood of success on the merits is "the most important factor" in determining whether interim, injunctive relief is warranted. *Environmental Protection Information Ctr. v. Carlson*, 968 F.3d 985, 990 (9th Cir. 2020). If the moving party fails to show a likelihood of success on the merits, the court "need not consider the remaining three [*Winter* elements]." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir.2013)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-00654 JAK (Ex) | Date | February 9, 2021 |
|---|---|---|---|
| Title | Mrs. Olson Coffee Hut v. County of Ventura et al. | | |

  B.  Analysis

In the *Oxnard Action* and *Westlake Action* applications for interim, injunctive relief were denied. Those applications were virtually identical to the TRO Application, and brought by similarly situated plaintiffs against the same defendants. *Oxnard Action*, Dkt. 12. *Westlake Action*, Dkt. 13. For the same reasons stated in those orders, the TRO Application is denied in this action.

To the extent Plaintiffs seek to enjoin the actions of Newsom or "future [g]overnors," (Dkt. 1 at 19), Plaintiffs' Application is denied. As noted, Newsom is not a defendant in this action. Pursuant to Fed. R. Civ. P. 65(d)(2), a federal court may only issue injunctions and restraining orders that bind the parties, their officers, agents, servants, employees, and attorneys and other persons who are acting in concert with those persons. *See also Carter v. Bank of Am. N.A.*, No. CV1206424MMMFFMX, 2012 WL 12893780, at *3 (C.D. Cal. Aug. 24, 2012). "The Court may not attempt to determine the rights of persons not before it." *James v. United States Marshal Serv.*, No. 3:17-CV-0414-WQH-BLM, 2018 WL 1172588, at *2 (S.D. Cal. Mar. 6, 2018). There is no evidence that Newsom or future governors meet these standards.

The TRO Application is also denied to the extent Plaintiffs seek to enjoin the Ventura Parties. The precise relief sought by the TRO Application is unclear. The caption of the TRO Application states, "Plaintiffs' Application for Temporary Restraining Order, and Issuance of Order to Show Cause Re: Preliminary Injunction." Dkt. 2 at 1. However, the TRO Application concludes by requesting the issuance of a permanent injunction. *Id.* at 10-11; Dkt 1 at 19. To obtain a permanent injunction, a Plaintiff must show "actual success on the merits." *Indep. Training & Apprenticeship Program v. California Dep't of Indus. Relations*, 730 F.3d 1024, 1032 (9th Cir. 2013). Plaintiffs have made no such showing.

Nor have Plaintiffs met the burden of showing a likelihood of success on the merits as required for a temporary restraining order or preliminary injunction. The verifications by Olson and Klemper as to the Complaint and TRO Application are the only evidence offered. Dkt. 5, 6. These verifications warrant limited weight given that the Complaint appears to have been copied from those filed in other actions. There is no other evidence. Therefore, Plaintiffs have not shown a likelihood of success or immediate and irreparable harm. Indeed, their request for monetary damages, which is discussed below, undermines an assertion of irreparable harm. Further, in light of the limited evidence proffered, there is uncertainty as to whether the allegations of immediate harm are affected by more recent orders by Newsom reducing restrictions on dining at restaurants.

Plaintiffs' claims appear premised on the assertion that the Ventura Parties have violated the Untied States Constitution by enforcing the Executive Order. *See, e.g.,* Dkt. 1 ¶ 32 ("The Ventura County and its officers thus acted under color of state law in enforcing the [Executive Order] only to public places, which was issued to serve a well-recognized public purpose by a duly elected state official."). This claim is unlikely to succeed on the merits. *See PCG-SP Venture I LLC v. Newsom*, No. EDCV201138JGBKKX, 2020 WL 4344631, at *8 (C.D. Cal. June 23, 2020) (plaintiff was unlikely to succeed on allegations that the Executive Order is an unconstitutional taking and violates procedural and substantive due process).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-00654 JAK (Ex) | Date | February 9, 2021 |
|---|---|---|---|
| Title | Mrs. Olson Coffee Hut v. County of Ventura et al. | | |

Because Plaintiffs have not established that they are likely to succeed on the merits of the claims advanced in the Complaint, there is no basis for the requested relief. Consequently, it is unnecessary to consider the remaining three *Winter* elements. *Google, Inc.*, 786 F.3d at 740. However, for completeness, Plaintiffs have not made a sufficient showing of a likelihood of irreparable harm. Plaintiffs concede that Newsom may issue the Executive Order. Dkt. 1 ¶¶ 2-3. Plaintiffs seek monetary relief for the alleged effects of the Executive Order. *See, e.g., id.* ¶ 6. Injunctive relief is not granted where there is an adequate remedy at law, e.g., money damages. *Complete Entm't Res. LLC v. Live Nation Entm't, Inc.*, No. CV159814DSFAGRX, 2016 WL 3457178, at *3 (C.D. Cal. May 11, 2016) ("Loss of money is typically not irreparable harm."); *see also Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 2177 (2019) ("Given the availability of post-taking compensation, barring the government from acting will ordinarily not be appropriate.").

With respect to the balance of equities between the parties, and the public interest, *S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613-14 (2020) (Roberts, C.J., concurring), is instructive:

> The precise question of when restrictions on particular social activities should be lifted during the pandemic is a dynamic and fact-intensive matter subject to reasonable disagreement. Our Constitution principally entrusts "the safety and the health of the people" to the politically accountable officials of the States "to guard and protect." *Jacobson v. Massachusetts*, 197 U.S. 11, 38 (1905). When those officials "undertake to act in areas fraught with medical and scientific uncertainties," their latitude "must be especially broad." *Marshall v. United States*, 414 U.S. 417 (1974). Where those broad limits are not exceeded, they should not be subject to second-guessing by an "unelected federal judiciary," which lacks the background, competence, and expertise to assess public health and is not accountable to the people. See *Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528, 545 (1985).

For these reasons, the TRO Application is **DENIED**.

**V.     Remand Application**

      A.     Legal Standards

           1.     Ex Parte Relief

The Ventura Parties must show that there is an emergency warranting ex parte relief. Whether to grant an ex parte application is within the discretion of the district court. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). To establish the procedural basis for such emergency relief, the applicant must present evidence showing that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Id.* at 492. Moreover, it must be established that the moving party is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.*

           2.     Remand

In general, a civil action may be removed only if, at the time of removal, it is one over which there is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-00654 JAK (Ex) | Date | February 9, 2021 |
|---|---|---|---|
| Title | Mrs. Olson Coffee Hut v. County of Ventura et al. | | |

federal jurisdiction. 28 U.S.C. 1441(a). Because federal courts are courts of limited jurisdiction, the removal statute is strictly construed and any doubt as to the appropriateness of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party has the burden of establishing that removal is proper, including that there is federal jurisdiction over one or more of the claims. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

   B. Analysis

The Ventura Parties have made a sufficient showing that they will be irreparably harmed if their request for a remand is heard according to regular noticed motion procedures. In the Ventura Superior Court, the Ventura Parties requested temporary restraining orders requiring the *Pizza Cookery Action* Defendants and *Coffee Hut Action* Defendants to comply with certain public health orders. Dkt. 7-1 at 10, 70. Hearings on these temporary restraining orders were set for January 26, 2021. Dkt. 18 ¶¶ 3, 5. Upon removal, the Ventura Superior Court took the hearings off calendar. *Id.* at ¶ 6. The next hearing date available in this Court for a regularly noticed civil motion is June 7, 2021. Therefore, the relief sought by the Ventura Parties in the applications for temporary restraining orders would be compromised unless the hearing date was advanced. This could be accomplished through an ex parte application. However, its basis would be the same as that for the present ex parte application. Therefore, for purposes of the present application, there is a parallel basis for the need for immediate relief.

Furthermore, the emergency created by the delay in considering the ex parte applications of the Ventura Parties is not one of their making. Rather, they timely sought a hearing on the applications for temporary restraining orders in Ventura Superior Court. The hearings were taken off calendar due to the removal of the actions.

Based on a review of the Notice of Removal and Remand Application, as well as Plaintiffs' failure to oppose the Remand Application, remand is appropriate. The caption of the Notice of Removal states "Notice of Removal by United States of America." Dkt. 7. The Notice of Removal states that the removal is "pursuant to 28 U.S.C. § 1442(a)(1)." Dkt. 7 at 2. That section permits removal of a state court action against the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office. . . . " 28 U.S.C. § 1442(a)(1). "The statute protects federal officers from interference with their official duties through state-court litigation." *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1099 (9th Cir. 2018). It does not apply here. Plaintiffs are individual citizens or entities, not the United States, an agency thereof, federal officers, or persons acting under the direction of federal officers.

The Notice of Removal also states, "The grounds for removal are as follows: this case involves a question of federal constitutional law, such that original jurisdiction lies in this Court under U.S. Constitution Amend. V, XIV, 42 U.S.C. § 1983, § 1988 and 28 U.S.C. § 1331(a)." Dkt. 7 at 2. Actions involving a federal question may be removed pursuant to 28 U.S.C. § 1331, which provides "district courts hall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." It is well established that "[t]he presence or absence of federal-question jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-00654 JAK (Ex) | Date | February 9, 2021 |
|---|---|---|---|
| Title | Mrs. Olson Coffee Hut v. County of Ventura et al. | | |

is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, each action asserts causes of action for "Violation of Health Orders" and "Public Nuisance." Dkt. 7-1 at 9-10, 83-84. These causes of actions do not present a federal question. Plaintiffs may intend to raise a federal defense in the Superior Court actions. However, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 392. Accordingly, the *Coffee Hut Action* and *Pizza Cookery Action* must be remanded to Ventura Superior Court.[1]

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Removal is not objectively reasonable merely because the removing party's arguments lack merit. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). However, "[b]ad faith need not be demonstrated." *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 448 (9th Cir. 1992). District courts have "wide discretion" to determine whether attorney fees should be granted under 28 U.S.C. § 1447(c). *Moore*, 981 F.2d at 447.

Plaintiffs did not have an objectively reasonable basis for removal. They also stated that the removal was made by the United States. Nonetheless, in the exercise of discretion, and in light of the focused work necessary in this action that parallels work in the related ones, the request for an award of attorney's fees is denied. However, this is without prejudice to a renewal of such a request in connection with a later proceeding in this action based on any future, similar actions by Plaintiffs.

## VI.   Conclusion

For the reasons stated in this Order, the TRO Application is **DENIED**. The Remand Application is **GRANTED-IN-PART**. The *Pizza Cookery Action* (No. 56-2021-00549347-CU-MC-CTA) and *Coffee Hut Action* (No. 56-2021-0054955-CU-MC-VTA) are **REMANDED** to the Ventura Superior Court at the Ventura Hall of Justice.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | TJ |

---

[1] There are other shortcomings with the removal, including that the matters were removed as a collective action, rather than as individual ones. In light of the other deficiencies in the removal process, it is unnecessary to address these.